UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPERANZA REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Case No.: No. 1:13-cv-545 AWI-BAM<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Esperanza Reyes ("Plaintiff"), proceeding *pro se* and in forma pauperis, filed her complaint against the United States Department of Justice ("DOJ") on April 16, 2013.[1] Plaintiff seeks return of her interest in $154,679 in U.S. Currency seized by the Coalinga Police Department and turned over to the DOJ on April 9, 2012.

**DISCUSSION**

**A.**   **Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court

---

[1] While Plaintiff is now represented by counsel (Doc. 6), at the time she filed this action, she was acting in pro se. Accordingly, the Court must conduct an initial review of Plaintiff's complaint.

1

determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted*); Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B.      Allegations**

Plaintiff is a resident of Huron, California. She alleges that the Coalinga Police Department seized $154,679 in U.S. Currency, along with other items that are being held as evidence in the criminal trial of Salvador Bravo. The U.S. Currency at issue reportedly was seized under the authority of 21 U.S.C. § 881 and ultimately was transferred to DOJ on April 9, 2012. Plaintiff received notice of the seizure on September 21, 2012. She now asserts her interest in the property as an innocent owner pursuant to 18 U.S.C. § 983(d).

**C.      Analysis**

According to the complaint, the currency at issue in this case was seized for forfeiture pursuant to 21 U.S.C. § 881(a)(6), which provides that all funds traceable as proceeds to a violation of the

federal narcotics laws are subject to forfeiture by the United States. 21 U.S.C. § 881(a), (d).  The government has sixty days after seizing property to send written notice to interested parties. 18 U.S.C. § 983(a)(1)(A).  A party seeking to challenge the forfeiture of its property in a judicial forum must file a claim with the relevant Federal agency not later than the deadline set forth in the notice of seizure letter. 18 U.S.C. § 983(a)(2)(B). The claim is then transferred to a United States Attorney who must initiate a judicial forfeiture action in a federal district court within ninety (90) days or return the seized property. *See* 18 U.S.C. § 983(a)(3). In the subsequent civil forfeiture proceedings, the government bears the burden of proving, by a preponderance of the evidence, that the property is subject to forfeiture.18 U.S.C. § 983(c)(1). If no interested party files a claim, then the DEA administratively forfeits the property by default and the only option remaining for an interested party is to file a petition for remission or mitigation of the with the DEA. 28 C.F.R. § 9.3.

In this case, the allegations of the complaint do not state whether the property has been administratively foreclosed upon or whether the Federal agency has commenced civil judicial forfeiture proceedings.  18 U.S.C. § 983(a ). The allegations do not state whether Plaintiff has filed a claim with the appropriate Federal agency, or whether she is moving to set aside a declaration of forfeiture. 18 U.S.C. § 983(a),(e)(1).  After "the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting." *See Gonzalez v. U.S. Dept. of Justice*, 2013 WL 5739090, 4 (E.D.Cal. 2013).   Accordingly, since the allegations in the complaint do not state the court's jurisdiction and the status of any forfeiture action, the complaint will be dismissed with leave to amend.

### CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. This action is DISMISSED with leave to amend;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and

///

///

///

3.  <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **December 31, 2013**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE